IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                    NO. 28,424

LUCIO NOYOLA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Douglas R. Driggers, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his conviction of forgery contending that he received ineffective assistance of counsel. In our notice, we proposed to affirm the conviction. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

In our notice, we set forth the standard for a claim of ineffective assistance of counsel. We proposed to conclude that Defendant was not denied effective assistance of counsel because his claims of deficient performance are viewed as trial tactics and strategy, which this Court will not second guess. *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666. Defendant continues to argue that counsel's actions present a prima facie showing of ineffective assistance of counsel.

We are unconvinced. With regard to the failure to use a peremptory challenge to exclude a potential juror, he simply argues that defense counsel should have used it. He does not explain why. Nor does he tell us that the juror actually considered his case. We conclude that he has failed to show any prejudice from the failure to exclude a particular juror. *See State v. Sanchez*, 120 N.M. 247, 254, 901 P.2d 178, 185 (1995). Therefore, this cannot support a claim of ineffective assistance of counsel.

With regard to Defendant's other two claims, Defendant appears to acknowledge that these are matters of tactic and strategy, but nevertheless support a claim of ineffective assistance of counsel because the result might have been different if counsel had acted differently. That the result might have been different is not the standard for establishing prejudice. Rather, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *State v. Akers*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). Defendant has not shown a reasonable probability that the result would have been different here if counsel had acted differently.

We conclude for the reasons stated herein and in the notice of proposed disposition that there was no showing of ineffective assistance of counsel. Therefore, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CELIA FOY CASTILLO, Judge**